NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


JENNIFER E. SCHERMERHORN,            )
                                     )
          Appellant,                 )
                                     )
v.                                   )          Case No. 2D16-3553
                                     )
STATE OF FLORIDA,                    )
                                     )
          Appellee.                  )
_____)

Opinion filed December 21, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Sarasota County; Charles E. Roberts, Judge.

Jennifer E. Schermerhorn, pro se.


PER CURIAM.

          Jennifer E. Schermerhorn timely appeals the order summarily denying her

motion for jail credit filed under Florida Rule of Criminal Procedure 3.801.

          On February 10, 2014, Schermerhorn was arrested for second-degree

grand theft and two counts of uttering a forged instrument.  She was released from the

Sarasota County jail on bond on February 12, 2014.  Schermerhorn pleaded no contest

to the offenses on August 15, 2014, and the trial court withheld adjudication and placed

her on five years' probation.

In her motion for jail credit, Schermerhorn alleged that she did not receive proper credit for time she spent in jail after her initial arrest and after her four arrests for violating probation in 2014 and 2015. We reverse for further proceedings because the record attachments to the postconviction court's order do not refute her claims for jail credit relating to her second and fourth arrests. In addition, we note that the postconviction court incorrectly found that Schermerhorn was only entitled to two days of credit for the time she spent in jail from February 10, 2014, to February 12, 2014, which is actually a span of three days.

Schermerhorn alleged that her second arrest was on September 13, 2014, and that she was not released from custody until November 14, 2014. The postconviction court found that she was released from custody on November 12, 2014, based on the date she signed the acknowledgment of violation of probation and waiver of rights form. But that form is not evidence of when Schermerhorn was released from confinement.

Schermerhorn alleged that her fourth arrest was on October 7, 2015,[1] and that she was not released until she completed the in-jail drug treatment program in Hillsborough County on January 26, 2016. The postconviction court found she was released from jail on November 6, 2015, as evidenced by the acknowledgment of violation of probation and waiver of rights form she signed on that date as well as the order of modification of drug offender probation bearing that date. But again, the acknowledgment form and the order are not evidence of when Schermerhorn was

[1]While Schermerhorn alleged in her motion that she was arrested on September 10, 2015, in her brief filed in this appeal she concurred with the postconviction court that she was arrested on October 7, 2015.

released from jail.  In addition, the order of modification of drug offender probation required Schermerhorn to enter and complete the in-jail drug treatment program in the Hillsborough County jail, where she was serving a concurrent sentence.

The attachments to the postconviction court's order do not refute Schermerhorn's claims for jail credit relating to her second and fourth arrests. Accordingly, we reverse and remand for the postconviction court to attach portions of the record that conclusively refute Schermerhorn's claims for additional jail credit with regard to her second and fourth arrests or to hold an evidentiary hearing.  See Fla. R. Crim. P. 3.801(e) (incorporating provisions of rule 3.850(f)).   We also direct the postconviction court to award Schermerhorn one more day of credit for the time she spent in jail from February 10, 2014, to February 12, 2014.  We affirm the postconviction court's order insofar as it denied Schermerhorn's claims for jail credit concerning her third and fifth arrests.  Because Schermerhorn may be entitled to immediate release if the postconviction court cannot conclusively refute her claims, we urge the court to hear this matter expeditiously.

Affirmed in part, reversed in part, and remanded.


KELLY, CRENSHAW, and ROTHSTEIN-YOUAKIM, JJ., Concur.